Good morning. May it please the court, Oliver Burke appearing on behalf of the Court of Appeals. We have made a number of arguments in our brief as to why the order of the court below is an error. Rather than run through all of those arguments, and mindful of the fact that we're here to clarify the record and not make speeches, I would like to focus primarily on one of our final arguments, and perhaps one of the more significant arguments in the case, and that is the fact that the AOL Forum Clause is unconscionable and violates the public policy of California. Why is that relevant anyway? Is it an unconscionability under Berman, a matter of federal law, as to which there are two elements, and two elements only, fraud and overreaching? No, Your Honor. Under Berman and under the Brayman case, what the courts have held is that the court has to look at the public policy of the forum state. Give an example. Correct. And here — What is the evidence here that California gives a fig about applying its public policy? Does 1 and 2, as I understand it, were at the time of making the contract residents of California. That's correct, Your Honor. And that is the only contact which is alleged in the complaint between Does 1 and 2 and AOL in the transaction. Is there any evidence — was there any allegation that Does 1 and 2 bought their contract with AOL whilst in California? Your Honor, we haven't reached the evidence stage. No, no. Was it alleged? Was it alleged that the contract was entered into in California? Yes or no? I don't recall whether it was alleged, Your Honor, but I'm certain that that's what happened. There's a direct nexus here. Your answer is you don't know. Number two, was this service provided by AOL to Does 1 and 2 alleged to have taken place in California? Your Honor, I believe the complaint does allege that. That's implicit in the claim here. These people are Californians. They signed up here. They got service here. The question is, did you allege that they were Californians at the time they entered into the transaction and took the service? Or is it possible that these people were Iowans? No, they were Californians, Your Honor. For the purpose of being class representatives and were residents at the time that the complaint was alleged. In other words, what I'm getting at is this. California does have a strong public policy. But the question is, is it applicable in this case, given the paucity of allegations that make the California public policy applicable to Does 1 and 2? Your Honor, it is applicable. And the point is, Does 1 and 2 are. What are the allegations in the complaint? The allegations in the complaint. They tell me that they bought it in California. They paid for it in California. They used it in California. All those cases, for instance, the franchise cases, which say the business had to do with California. Your Honor. California policy applies. Point me to the allegations in the complaint where you show the California nexus. Your Honor, the allegations in the complaint speak of these class representatives as representatives of other Californians, of millions of people who are Californians, who signed up for AOL service in California, received AOL service in California. I believe it says the exact same thing as to these class representatives. They did not come from Iowa. They did not come from Kansas. They're Californians. And that's what the complaint alleges. And the point is the complaint were missing certain factual statements. Were you given an opportunity to amend the complaint and refile in California? We were not given an opportunity to amend the complaint, Your Honor. Okay. The court ruled, granted the motion to transfer venue, dismiss or transfer with a leave to file in Virginia or in federal court or state court in Virginia. But there was never anything else ruled upon by the court. There was no oral argument before the court. The court entered the order submitted by the defendants. All right. I hate to interrupt your argument, but something I need to have clarified. It's a very complex case. But in reading the briefs, it seemed to me that you conflated the choice of forum clause and the choice of law clause, brought them together. Under your logic, do we need to find both the choice of forum clause and the choice of law clause unenforceable? Or does your argument conflate the two? Our argument does not conflate the two, Your Honor. The way the courts have treated it, the courts have said that when you have a choice of forum clause and a choice of law clause, it's necessary to look at both of those together to understand whether or not rights are being violated by transferring the case or sending it to a different forum. Because you have to know what the forum, choice of forum is and then also what the choice of law is. So you have to know both at the same time. And we cite cases where the court goes through exactly that analysis. The defendants argue that we conflate it. But the cases we cite show that the court has to take cognizance both of the applicable law as well as the forum to understand, for example, whether rights are being violated or would be violated by transferring to a different forum. Couldn't we find that the choice of forum was wrong and then remand for proceeding on the choice of law issue? I don't think that would solve the problem, Your Honor, because the way the court has dealt with this, the court has dismissed our case and said we can refile in Virginia State or federal court. But doing that is not going to solve the problem of all the California rights that are going to be lost if we're sent to those two courts. What if we find the court was wrong on that? The court was wrong in not paying attention, not granting our position that the rights of Californians would be essentially stripped if the case is sent to a different forum. I would say under the Bremen case, if they found, yes, then wouldn't you need to remand for discussion of the choice of law issue? I don't think that would help here because the way the member agreement is drafted, the argument is that everything should be sent to Virginia. And if you're sent to the problem is if you're sent to Virginia, it doesn't matter which court you're going to. If you look at what's happened historically, no case has ever gone to Virginia where the plaintiffs have had their rights taken care of. And that's our problem here. We want to be in California court where the California policy and the California statutes will be honored and will be applied. Let's put you in the California court. Then why can't the California court decide the Presumably the California court could do that, but it already ruled. Well, the question is, if that were reversed, then would it not be enough to remand to the district court? The problem is the way the customer agreement is drafted, the court would have to strike down the customer agreement because the customer agreement doesn't just have a clause that says you must litigate in Virginia. It also has a clause that says Virginia law applies. So the court would have to strike that from the contract. All right. Suppose we did. Suppose we did. And found that part of the contract unenforceable. We turn it to California. Then isn't there still an issue as a choice of law? And wouldn't the California courts then be asked to be asked to then resolve that issue? Yes. They should be asked. In our view, they should be told that the contract cannot be enforced because of the choice of law provision, because of the fact that it's a contract that violates public policy. And if it were sent back to the district court with that finding, it would be a different story. All right. You mentioned at the beginning, I believe, that this contract was unconscionable under California law, and that you raised that issue in the district court. We did, Your Honor. Now, there are two branches of unconscionability in California law, procedural unconscionability and substantive unconscionability. Did you rely on both of those or one of those? We rely on both of those, Your Honor. And what is the – what is your view as to why procedural unconscionability applies to this contract? Because it's basically a contract of adhesion. And under the Discover Bank case and other California cases, when there's no ability to bargain at the time the contract's entered into, and it's basically a take-it-or-leave-it proposition, then it's a contract of adhesion, and it's procedurally unconstitutional – procedurally unfair. Why is it unconscionable, not unconstitutional? Because it takes away rights that California law provides. If you look at what happened in the Mendoza case, the court analyzes it and looks at what California rights would be lost if you applied the Virginia law and the Virginia forum. And you basically lose all the California rights that you're supposed to have, including the right to bring a class action, including the right to be able to have an appeal as of right. All of these things – and all the California remedial statutes, which have non-waiver provisions, those statutes are – you lose all those rights. That's the problem. Well, you lose the rights, and Mendoza says it shouldn't happen. Is Mendoza a ruling on unconscionability? It talks about unconscionability. It doesn't – I don't know whether to use that exact term, Your Honor, but what it talks about is violating the public policy of the State of California. For California plaintiffs. Correct. California residents, people who entered into the contracts, credit cards for monthly service fees in California. Right, which is one of the California subclasses. And the site SwampSat, if I pronounced that correctly, which was a franchise case where the franchise itself was in California. Correct. So what you say is that perhaps you didn't allege all the California contacts in this complaint. Your Honor, I don't really say that. In honesty, I would have to go back and pinpoint through the complaint. What I remember – The California contacts, to be fair to say, don't immediately come to mind. The detail of what we said is what doesn't come to mind on that. I know what we alleged, and I know what the facts are, is that these people are Californians, they've been Californians, they signed up in California, they received a service in California, their Internet information was disclosed improperly in California. So I'm going to move to Wompsat and to Mendoza. And if you didn't allege those facts, then perhaps you could allege them if you had an opportunity to amend. But I do believe we did allege them, Your Honor. But your answer to Judge Breyer's question is if we didn't allege them, yes, we could if we had an opportunity. That's correct. Now, did you ask for an opportunity to amend your complaint in the district court? No, and we had no reason to do so, nor any occasion. We never even got actually into the courtroom. Had we had a colloquy with the court, we might have – that's not something that comes to my mind that we needed to do. But we never saw the court. Oh, I see. No oral argument on this motion? No. What happened, Your Honor, was oral argument was set. It was called off at the last minute, and the court entered the order which it defendants had submitted with their papers. So we never got to argue. We never got to see the court. Now, the Mendoza case is slightly different because appellants here brought their action in federal court and not in state court. That's correct. And here they allege claims under both federal and state law, and many of the appellants are not Californians. That's correct? That's correct. All right. There is a California subclass. Ostensibly, appellants' rights under federal law would not be affected if the clause were enforced. Is that right? Appellants' rights under federal law would not be affected if the clause were enforced? Well, if the clause is enforced, it depends on which clause you're talking about. See, the problem with this member agreement, it also has an exculpatory clause, which is in everyone's agreement that says if you don't like anything about your service with AOL or you have any problem with AOL, your sole remedy is to cancel your AOL membership. It also has an indemnity provision in there. So that language is in everyone's contract. Regardless of where they reside. Exactly. It's a form contract that they make everybody sign. And that provision itself, the exculpatory clause, is per se illegal under California law. And the Discover Court, Discover Bank case, talks about that and cites the California statute which makes those kind of contracts unenforceable and void. But that's the problem. We have that language directly in this contract. So when you talk about choice of law as compared to choice of forum, the fact that that's in there is very important. If you look at the overall contract, it's meant to take away all rights, essentially, that an AOL member has. So I guess the bottom line is the state's compelling interest in protecting its citizens is not diminished by the fact that we have other parties out of state present. The state's interest in protecting its citizens is not diminished by the fact that there are people outside the state who are also members. Thank you. You have four minutes if you want to save it for rebuttal. Yes, sir, I will. Thank you. May it please the court, my name is Pat Carone from the law firm of Wilmer Cutler Pickering Hale and Dorr. The plaintiffs might have a point in this case if they were right that the district court's enforcement of the AOL Forum Selection Clause required the  to file their suit only in Virginia state court where they could not pursue a class action, as opposed to what the choice that they do have and that the district court gave them, which is to go into either federal or state court. What authority do you have that the term court of the state, or whatever the exact language was here, refers to federal courts as well as state courts? Your Honor, first of all, there are many cases in which this Forum Selection Clause has been enforced. This very clause has been enforced, found to be perfectly enforceable. There's at least 20 such cases. At least eight of them are cases in which the court was construed to allow the plaintiffs to proceed in federal court. And those cases are all cited in our brief or the supplemental authority that we submitted last week. Why do you say that if they could go to district court in Virginia, the plaintiffs lose their point, but if they had to go to state court, they would  What's the difference? The difference is, is that there is restricted ability to pursue class actions in Virginia state court. And 23 allows class actions in district court? Absolutely. The court the Gotcha. All right. So, and I think it's important to see that that's the only public policy issue here that the plaintiffs have asserted is the question of whether they can pursue a class action. And the district court has permitted them to go to federal court. The case is dismissed without prejudice for them to refile their case in either state or federal court. These plaintiffs have built an entire mirage of a problem that they believe they're facing, which is simply false. They are asserting that they are going to be denied the right to pursue both their California claims and their federal claim as a class action. They absolutely can do that, and no way that can be taken away from them. They are guaranteed that right. And that is consistent with the way courts have construed the AOL forum selection clause for the past eight years, and it is consistent with the way nearly a decade. You're saying there's nothing to this case at all? They have all the rights that they're trying to get on appeal? They already have those rights to bring actions in California, class actions? I'm saying that the only strong California public policy that they have invoked, that is in fact a strong public policy that is put at issue here, is the right guaranteed to them as a matter of the California Protection Consumer Legal Remedies Act, the CLRA. There is a clause in that statute that does entitle them to class procedures. That California public policy is fully served by their being able to bring their California claims in federal court in Virginia. But is it your position that they could go to the federal court in Virginia? Yes, absolutely. Then the federal court in Virginia would enforce the forum selection, pardon me, the choice of law clause, the laws of the commonwealth of Virginia, excluding as conflict of laws rules. Then the federal court would say, well, the law of Virginia doesn't allow class actions. No, no, that's not correct. I mean, first of all, under as a procedurally, procedurally in federal court, they have a class action remedy, both as to their federal claim and as to whatever state law claims they can proceed. Is it part of the substantive law that's applicable to the case? There is no? It's not as a matter of substantive law. It is a matter of federal procedural law. You get to bring class actions in federal court that are every bit as strong. Yes, you do normally when you have, you know, a federal question. If the state law says no class actions and the federal law says no class actions, all right, well, let's say it does. Well, that's what Judge Baer's question to you was. There's no state law that says there's no class action. That's the only reason you can get class action, you say, is if Virginia does permit class actions. There are limited, in Virginia, under Virginia law, the rights to class action are more limited than they are in federal court. That's not, of course, the situation that these plaintiffs have. Or in California. Or in California. Now, I think it's important to focus on, Judge Nelson, your question about the conflation of the choice of law and the choice of form. It is absolutely correct that they have conflated them and that that is wrong as a matter of federal law. The courts have said that when there is a form selection clause, that moves the case to the form that's been chosen, and that is the place where choice of law decisions are then made. The federal court in Virginia will be fully able, just as able as its sister court here in California, in the Northern District of California, to decide what is the proper choice of law to occur in this case. There is no reason to ‑‑ What do you do with the Bremen case? Pardon me? What do you do with the Bremen case? When I read it in the Bremen case, it talks about generally Virginia would be fine, but it says a contractual choice of form clause should be held unenforceable if enforcement would contravene a strong public policy of the form in which the suit is brought, whether declared by statute or by judicial decision. Now, here you have said, well, it doesn't make any difference whether it's in California or in Virginia. But in California, there is a strong public policy permitting class actions. There is not in Virginia. But these plaintiffs, because the federal doors are wide open to them in the Eastern District of Virginia, that they have a class action remedy available to them every single bit as much as they do in the federal court that they chose to go to here in California. There is no distinction. But assuming the federal courts would apply, would choose to apply California law, is that correct? Well, they're going to apply federal procedural law, which is class actions. Yes. So there's no question that the federal procedure of class actions, the full panoply of class action relief, to the extent it's available to them in California where they chose to sue in federal court, it is available to them every single bit as much as it is. Is that identical, the federal class action procedures to those in California? Yes. I mean, they're governed by the same Rule 22. And they will ignore whatever the Virginia law is about class actions. That's correct, because that's procedural law of the Virginia courts, and it does not apply. And I do think that you're going to go back one question. You said there are lots of courts that have said that this clause means federal as well as state courts. Are any of those courts circuit courts? No, I don't think I can point you to a circuit court that has said that. There are many, many courts which have said that. And, Your Honor, even if what you're suggesting is that there's some ambiguity to the clause. Well, I can tell you that in California it was interpreted as meaning only the state court. Not your contract, but federal judges in California used to marry people. And then there was a ruling that all our marriages were invalid because it was courts of the state. And they said courts of the state does not include federal courts, so we had a lot of illegitimate people running around the state. And then the state legislature, a week later, passed an emergency measure to say that retroactively all the marriages were valid, even though the statute said courts of the state. So it's not such an odd argument. We have experienced it directly. And that language means courts of the state means courts of the state, not Your Honor, I submit that it is the perfectly natural reading of the statute is that the courts of Virginia include the courts that are located in Virginia, both state and federal, even if that were not true. And there was some ambiguity about this. All of the principles of contract construction for resolving ambiguities point directly in favor of the broader construction of the forum selection clause that gives these plaintiffs the broader choice of which courts to go to. It does not constrict them. The broader choice of forums here, of course, is both state and federal in Virginia. And so at the end of the day, it's not just the courts of the state. Kennedy. Now, when you talk about the rules of construction of a contract, are you talking about California rules of construction or federal rules of construction? I'm talking about general rules of construction. General rules of construction. There's a meaning, right? Well, there's plain meaning and plain intent. And your meaning doesn't tell us that it's both the district court and the state court because they say the courts of Virginia, of Virginia, they're the ones who pay the bills, it's the state court of Virginia. That's plain meaning. Well, so then, Your Honor, I guess would say that we're then in the realm of ambiguity in which then you would have to look at the other rules of construction. And if I could look at those one by one, I think I can show you why, in fact The second rule of construction is the objective meaning which the promisee receives, right? Because The objective meaning of the words in the mind of the promisee, reasonable promisee. I actually think that that is, that may be a, I think the most important rule of construction is to assess what was the intent of this clause. And the intent of this clause clearly was to put litigation nearby AOL in Virginia. How about it was construing it against the person who wrote it? That is a rule of last resort. Your Honor, I don't, I'm not, I am not, I'm, I'm, and it's a rule that, and it's a rule that cuts in our favor. I'm the rule of last resort, Your Honor. I'm not, I'm not, I'm not, actually it does. Tell me, what are we? Are we a court of California? You are the Ninth Circuit Court of Appeals, Your Honor. I, I, I, I, I think that in, in, in many senses you could be. But if I, if I may, Your Honor, to look at the What if I have a judge from Alaska and a judge from Nevada here? Well, I don't think, a Ninth Circuit Court, a circuit court does not sit in a given state. I, I, I don't, I don't think that you are a court of California. I think that a court that But this building is located here. All three of us are Californians. I, Your Honor, I, I, I, I, I'm not sure that it's going to help us resolve this. No, not going to help you. No. No. Thank you. I, the, the first important candidate in construction is to attempt to effectuate the, the clause. Clearly, a clause that chose, chose courts of Virginia was envisioning courts near where AOL was headquartered at the time. Second, it is basic that a, that courts should construe contracts to result in their provisions being given effect and not being declared illegal, unenforceable, or unconscionable. And, you know, the, the, the, the U.S. Supreme Court in master It wouldn't make it illegal or unconscionable if we said it was construed as a court of Virginia. It would be, it would because in this case it would result in unenforceability of the clause. And that, that is exactly what the, the, the plaintiffs are, are imagining a problem which they do not, which they are not going to suffer. They are imagining the problem of not being able to pursue a class action. That is a problem that they do not have. They are free to go to Eastern District of, Eastern District of California. If it's all the same, why don't you stay here? We're very nice people. I adore California, Your Honor. But I'm, but I'm, I, I'm trying to I mean, all this fight, if it doesn't make any difference, it's all going to be the same, the same actions going to continue. You're going to be in a federal court, and surely there's no difference between the Fourth Circuit and this circuit. Of course not, Your Honor. And, and of course, and of course, Your Honor, we, we well know that it is bedrock federal law that forum selection clauses are to, are prima facie valid and are supposed to be enforced in all but the most exceptional rare circumstances. And, and the plaintiffs bear a very heavy burden to overturn that. And that is what they're doing here. And it, on, on the, I mean, two other rules of contract construction, if that is where the court is hung up as to whether this clause should be read to encompass federal as well as state courts. One, courts should be loath to construe contracts in a way that shut the doors of federal courts to litigants. It is a very important right to be able to go to federal court. And these, there is, I submit that a rule of construction, which has been recognized certainly in, in removal cases, such as RTC versus Bayside Developers of this court, 43F3rd. Well, we're not shutting the door, door to go to federal court. We're just inviting you, welcoming you to be in our federal court. I, I, I so much appreciate that, Your Honor. But, but, but you are construing a, you're, you're construing a contract to be a waiver of a right to go to federal court. If you, if you. One federal court. No. You go to another. Saying that what the plaintiffs agreed to here was that they waived their right to go to federal court in Virginia. If you, and they didn't. And that's inconsistent with the way AOL has interpreted this clause for years, the way the courts have interpreted this clause for years. AOL has been bringing suits against members or people in Virginia for, for years. And people in, AOL's members have been litigating suits against AOL in federal court in Virginia for years. This is, and the district court's decision in this case has guaranteed them that right. And the other, and the question of whether they're going to get their, their rights under the, their substantive rights under the California statute, that is a question not for remand to this court, to, to, to the district court here. That is a, a, a, a question for decision by the chosen forum in Virginia. Counsel. That. Let me interrupt you. Do you agree with some of the comments that were made by Mr. Burke that as to the plaintiffs in this case, the class representative plaintiffs, anonymous one, anonymous two, and the subclass of California plaintiffs in the classes which have been designated. That if we decide that this is a remand that the cause allows only Virginia state courts. Virginia state courts. Virginia state courts, right. These plaintiffs have sufficiently alleged contacts with the state of California in the development and use of the AOL service. So that the California public policy should apply. I don't concede that that's the case. Your Honor. I was looking as you raised those questions at the complaint, and I confess I was not able to read it. And there are the only, the only allegation I was able to find on that point was paragraph five and paragraph six, in which the complaint alleges that the plaintiff doe one and doe two is currently residing in the state of California. It may well be that my opposing counsel will have found other allegations that go to that point. I'm not aware of any beyond that. Thank you. On the conflation of state law, I guess I would like to point the court. Is it also correct that this is the first complaint and that there was no oral argument on it? It was dismissed by the judge without argument? Yes, that's correct, Your Honor. So is there any reason they would not be entitled to amend the complaint once? Your Honor, I don't think that the question of, I don't think any of our arguments turn on whether there is, all of our arguments prevail even if they have fully alleged that these people lived in California every day of their lives and used the AOL service every day of their lives in California. That does not change any of our arguments. So I think it would not. Isn't it challenging the fact that they meet the standards of alleging sufficiently that they are Californians? I'm not conceding that they do, Your Honor. Judge Bea has made a good point there. And if that's an additional argument above and beyond the ones that I've made here, that may well be a problem. I believe that all of the arguments that we have focused on. In that case, you would not have any reason to say they don't have a right to amend? I just think it would be, with all due respect, a waste of time because the results still must be the same. If these were of importance, then they would have a right to amend. I don't concede that point just because I confess I haven't thought it through far enough, Your Honor, to think that through. You know there's one opportunity to amend this, right? Yes, although, I mean, they have a right to they may want to save that right to amend for the Eastern District of Virginia where they need to be. And I see my time is almost up. I guess on the question, even in arbitration cases, the courts have said when there's a choice of form, and the U.S. Supreme Court has said this in the Mitsubishi case and in other cases as well, they have said that you leave the decision of choice of law to the chosen form. And there's no reason why this court, the Ninth Circuit, should doubt the capacity of the Eastern District of Virginia under review of the Fourth Circuit. And it's necessary to the United States Supreme Court to get the choice of law issues resolved correctly without violating anyone's rights. Thank you, counsel. Thank you, Your Honor. Thank you. I have not had a chance to reread our complaint while I've been sitting here, but I'd like to try to answer Judge Bea's question about what the complaint does allege. And my friend sitting next to me has been kind enough to find that for me. Paragraph 35 of our complaint defines the California subclass as all AOL members in the State of California whose Internet search query data was disclosed without their consent during the class period. And Paragraph 39 of the complaint alleges Plaintiffs' Doe 1 and 2 are members of the California subclass. Now, there may well be more in the complaint than that that talks about these things, but at least I know the complaint does say that. In terms of information available concerning the Doe Plaintiffs, the Court should also be aware of the fact that we gave affidavits to AOL's counsel at his request showing the names and addresses in California of these folks who were John Doe Plaintiffs so that AOL would know they were California residents. And I believe that information was also filed under seal in the district court as part of the motion for leave to proceed pro se. Now, on the issue of what happens if we go to federal court in Virginia, it seems to me that the real point, which I probably did not make previously, is that if, in fact, we're right and this member contract violates important California rights that California class members have, we don't get to the issue of whether you go to state or federal court in Virginia because if, in fact, the contract violates substantial California rights, the contract doesn't get enforced. And that's what all these cases say. They don't go on from there to do an analysis as to which Virginia court you go to. If the contract violates these important rights, it's simply unenforceable. I have nothing else unless the Court has questions. Thank you, counsel. Thank you both very much. It's a pleasure to have a well-argued case.
judges: Nelson, Reinhardt, Bea